JOHN D. KINNEY *v.* TWELVE MILE TURNPIKE ROAD COMPANY.

**Torts—Entry by Owner Upon Right of Way.**

    Although the relinquishment of a right of way of a turnpike road does not pass the absolute title, an entry by the owner in fee upon the possession of the company, and destroying or injuring the easement, constitutes a tort.

APPEAL FROM CAMPBELL CIRCUIT COURT.

March 14, 1874.

OPINION BY JUDGE PRYOR:

There is no doubt but what Morris relinquished the right of way over his land, as well as the right to the rental, for the purposes of the road; and whether the road was built in accordance with

the survey or not, it was constructed or located as Morris desired it should be, and has been in the actual occupancy of the company and its lessees since the spring of 1856. A fence was erected by Morris, or those claiming under him, between the boundary of his farm and that portion of the land occupied by the road, for many years prior to the time at which the appellant became the purchaser. The possession of this land by the company, constituting the road 60 feet in width, was notice to the appellant of the extent of the company's claim, and the fence designated the actual boundary line, so that the appellant must have had actual notice of the extent of appellee's claim, when he became the owner of the Morris tract. The proof of the loss of the paper evidencing the relinquishment is ample, both as to the signing by Morris and its contents.

This action, as we understand it, is for an injury committed to this corporation, by the acts of the appellant in destroying or damaging the culverts on the road, taking therefrom rock that had been quarried by the company, and erecting his stone wall in such a manner as to cause the water to run upon the bed of the road, by which it has been much injured. Although a relinquishment of the right of way does not pass the absolute title, still, an entry by the owner in fee upon the possession of the company, by reason of this right, and destroying or injuring the easement, is as much a tort as if the wrong had been committed by a stranger. This use of the land by the company, as well as the right to the use, enables it to maintain the action.

If the proof conduces to show that the company was to erect fences, and whether it does or not is unnecessary to decide, still this does not divest the company of the right when they have constructed, used and occupied the land for nearly fifteen years, by the consent or acquiescence, at least, of those owning the fee.

If the contract has been violated in regard to the fencing, there is an ample remedy for those who have been injured by it.

The instructions given by the court presented the law of the case to the jury. Judgment affirmed.

*Hallam & Hallam, for appellant.*

*Webster, for appellee.*